SUSSEX DELAWARE DAVIS, ET AL.

*vs.*

PETER A. BROWNE.

*New Castle, Feb. T.* 1859.

Upon a bill filed against a trustee, charging mal-administration of the trust and threats of acts which, if committed, would cause irremediable injury, a receiver was appointed and an injunction ordered, on motion, without previous notice to the trustee.

BILL FOR REMOVAL OF A TRUSTEE.—The defendant was executor and trustee under the will of Samuel B. Davis, deceased; and held, subject to various trusts for the benefit of the testator's children, a considerable real and personal estate. The bill alleged sundry acts of mal-administration on the part of the trustee; chiefly, that he had sold a specific legacy of stock bequeathed to New Castle Delaware Davis, one of the sons; that he had neglected to pay interest on a lien upon a part of the real estate, in consequence whereof it had been sold for the debt; that he had needlessly sold the family plate at a sacrifice; that he was speculating in securities of the estate; and that he had threatened to sell a considerable body of unimproved land, which was likely to appreciate in value, if held for the children. The bill prayed for the removal of the trustee and that he be enjoined from further interfering with the estate, and particularly from selling the trust property; also, that a receiver be appointed, and that the trustee be decreed to account.

On filing the bill (which was sworn to) at the February Term, 1859, *Mr. Hood,* of Philadelphia, as solicitor for the

complainants, moved for an injunction, as prayed for by the bill, and for an order appointing a receiver.

*D. M. Bates*, on behalf of the defendant, opposed the motion.

This application is a surprise. Not an intimation has been given of the intention to file this bill or to take any proceeding against the trustee. An application, based upon such charges and of so serious consequence to the trustee, ought not to be entertained without notice and an opportunity to be heard. The charges of the bill are, in part, grossly false, and as to the rest susceptible of full and satisfactory explanation. They would be wholly disposed of by the answer of the trustee, which, if opportunity were given, could be filed without delay ; and thus the case would be disposed of on its merits and without injury to any one.

But, waiving the objection of want of notice—the case presented by the bill is that of mal-administration only, which is not of itself a ground for the summary interposition of the Court. To warrant this there must be danger of loss or destruction to the trust fund—such danger as arises from the insolvency of a trustee who has not given security. This trustee is not alleged to be insolvent, and is well-known to be wealthy ; and, besides, he has given security, on his appointment, to the amount of $50,000.

With respect to the motion for an order to restrain the trustee from selling certain real estate, there is a question involved as to the power of the trustee under the will to sell this real estate. It is enough to say that if the will confers such power the Court cannot restrain it ; while if no such power exists, the order moved for is unnecessary.

*Mr. Hood* replied.

Notice of these applications is not required where the effect might be, by putting the trustee on his guard, to cause the very evil apprehended. 3 *Dan. Ch. Pr.* 1886; 2 *Eden on Inj.* (*Waterman's ed'n*) 339, 342, *note* 2, 352, 354, *note* 1, 355; *Middletown vs. Dodswell,* 13 *Ves., Jr.,* 226; *Willard's Eq. Juris.* (*N. Y.*) 342, 344, 367, 369. The abuses complained of are irremediable in their nature; and besides, they show, if true, such gross unfitness of the defendant for the trust, as to call for the immediate interference of the Court.

HARRINGTON, CHANCELLOR.—The ultimate object of this bill is to bring the executor and trustee of Samuel B. Davis, deceased, to an account of his trusteeship, and to prevent his so administering the trust as to defeat the will of the testator and injure the devisees and legatees.

The object of the present motion is for immediate action, before answer, by injunction and temporary removal of the trustee. I think the case made by the bill sufficient to ground the application. It charges not merely such mal-administration of the trust that it would be sufficient to rest upon the responsibility of the trustee and his sureties; but it is alleged that acts are threatened which might be irremediable.

I observe that the bill is defective in charging the defendant only as executor, in which character he is responsible to another tribunal. He should be charged as trustee.

*Mr. Hood,* upon leave granted, amended the bill, according to the Chancellor's suggestion; and the orders moved for were then granted.*

---

* The reporter, who was the defendant's counsel in this case, deems it just to his memory to state that the charges in the bill were fully met by his answer soon afterward filed, in which he alleged that the sale of the

specific legacy by him as executor, was required for the payment of the testator's debts ; that he had paid the debts to the extent of the assets ; that the sale of the family plate was with the approval of the widow ; that he had not speculated in any securities of the estate, but had faithfully applied all the assets realized ; that he had not threatened the sale of the unimproved land referred to in the bill further than to express the opinion, which he still held, that its sale and the investment of the proceeds would be for the benefit of the *cestuis que trust ;* that, considering the trust as attended with a power of sale under the will, he had entertained the question of its expediency ; and the answer insisted that the trustee had in all things acted in good faith. The trustee dying after the answer was filed, the proceeding dropped.